# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DANIEL LAWRENCE BLEIL,** )<br> )<br>Plaintiff,    )<br> )<br>v.              )<br> )<br>**UNKNOWN NAMED STAFF OF WRSP,** )<br>**ET AL.,**       )<br> )<br>Defendants.   ) | Case No. 7:22CV00507<br><br>**OPINION**<br><br>JUDGE JAMES P. JONES |

*Daniel Lawrence Bleil, Pro Se Plaintiff.*

Plaintiff Daniel Lawrence Bleil, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that prison officials wrongfully provided him with a Jewish meal one evening during Ramadan. After review of his submissions, I conclude that this action must be summarily dismissed.

Bleil states that during Ramadan 2022 at Wallens Ridge State Prison (Wallens Ridge), he was assigned to restrictive housing. On the evening of April 27, 2022, an officer allegedly offered Bleil a "sealed Religious Jewish Orthodox meal instead of the two common fare Ramadan Sunni meals [he] was lawfully entitled to." Compl. 4, ECF No. 1. After Bleil explained the problem, the officer went to check with kitchen staff. Later, that officer allegedly told Bleil that he "was not on the approved participation list for Ramadan." *Id.* Bleil allegedly showed the officer

paperwork dated March 3, 2022, approving his Ramadan participation. Less than an hour later, the same officer accompanied a nurse who provided Bleil with his medication, according to the Ramadan schedule. The next morning at 4:03 a.m., another officer delivered a Ramadan breakfast tray to Bleil.

In August 2022, Bleil filed this § 1983 action against the Wallens Ridge warden and unknown officers and kitchen staff. He complains that after fasting for seventeen hours on April 27, 2022, he received an improper meal that he refused and then had to wait another seven hours to eat. He asserts his belief that by making him go without food for twenty-four hours and not providing appropriate meals for his Sunni faith, the defendants violated his religious rights and inflicted cruel and unusual punishment on him, in violation of the First and Eighth Amendments. As relief, Bleil seeks an emergency transfer to another prison and monetary damages of $150,000.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To survive screening under § 1915A, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]  "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights").

I will assume for purposes of this Opinion that Bleil intends to bring his § 1983 religious rights claim under the Free Exercise Clause of the First Amendment.  "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  "This [right] encompasses policies that impose a substantial burden on a prisoner's right to practice his religion."  *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014).  For constitutional purposes, such a burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas v. Review Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 718 (1981), or one that forces him to "choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand," *Sherbert v. Verner*, 374 U.S. 398, 404 (1963).  Officials' negligent or inadvertent acts that cause unintentional interference with an inmate's religious practice do not violate the Free Exercise Clause.  *Lovelace v. Lee*, 472 F.3d 174, 1194, 201 (4th Cir. 2006).

Bleil's Complaint apparently asserts that his religious beliefs were substantially burdened because on April 27, 2022, an officer served him an Orthodox Jewish meal instead of the Common Fare meals he expected.  The facts do not bear out any claim of substantial burden.  Bleil does not explain why receiving a Jewish meal pressured him in any way to violate his religious beliefs or to choose between his religious practice and some government benefit.  *Thomas,* 450 U.S. at 718; *Sherbert*, 374 U.S. at 404.  Indeed, Bleil does not allege that the meal served to him that night included food items that violated his religious beliefs.  Moreover, he does not state facts showing that anyone at Wallens Ridge intentionally deprived him of the Common Fare meals designed to accommodate his beliefs.  Later, according to the Ramadan schedule and consistent with his beliefs, Wallens Ridge staff administered his nighttime medication, and the next day, staff served his morning meal before sunrise.  At the most, Bleil's allegations suggest that kitchen staff made inadvertent, negligent mistakes on April 27, 2022 — by sending the wrong meal for him and then by advising the officer that Bleil was not on the Ramadan list.  Merely

negligent interference with Bleil's religious practice on one occasion does not give rise to a claim that he was deprived of his First Amendment right to free exercise of his beliefs.

Similarly, Bleil has not stated facts supporting any claim that officials violated his Eighth Amendment rights. Missing an occasional meal simply does not constitute cruel and unusual punishment. *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (affirming dismissal as frivolous inmate's claim that he received only two meals per day during weekends); *Brown v. Mathena*, No. 7:10CV00192, 2010 WL1965105 at *1 (W.D. Va. May 14, 2010) (dismissing claim under § 1915A(b)(1) that inmate missed one dinner meal), *aff'd*, 393 F. App'x 987 (4th Cir. 2010) (unpublished).

For the stated reasons, I will summarily dismiss this civil action pursuant to § 1915A(b)(1).

A separate Final Order will be entered herewith.

DATED: December 7, 2022

/s/ JAMES P. JONES
Senior United States District Judge